**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VIRGIL MITCHELL,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CIVIL ACTION 20-0411-TFM-C** |
| **DHR, *et al.*,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff Virgil Mitchell, proceeding *pro se*, filed a complaint (Doc. 1, PageID.1) and a "motion to proceed without prepayment before the courts" (motion) (Doc. 2, PageID.10). The motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), GenLR 72(a)(2)(S), and District Judge Moorer's order (Doc. 4, PageID.25). For the reasons set forth herein, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction.

### I. Nature of Proceedings and Amended Complaint's Allegations.

Upon review of plaintiff's motion (Doc. 2), the Court found the motion did not convey a clear and complete picture of plaintiff's financial situation. As a consequence, the Court denied the motion and ordered plaintiff to file a new motion to proceed without prepayment of fees by September 24, 2020 for the purpose of conveying a complete picture of his finances showing how he provides for life's basic necessities. (*Id.* at 2, PageID.18).

And, because plaintiff sought to proceed *in forma pauperis*, the Court screened plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2)(B). (*Id.*). During the screening process, the Court found that plaintiff's complaint was deficient because it did not

comply with Rule 8(a) of the Federal Rules of Civil Procedure and thus ordered that he file an amended complaint by September 24, 2020. (*Id.* at 3, PageID.19). In the order plaintiff was advised of his complaint's specific shortcomings and of the pleading requirements for establishing a jurisdictional basis for his complaint and for stating a claim upon which relief could be granted, and was sent the *Pro Se Litigant Handbook*. (*Id.* at 4-6, PageID.20-22). The Court also found that plaintiff's brief complaint did not contain a plausible, coherent claim. (*Id.* at 7, PageID.23).

The Court explicitly informed the plaintiff that his reference to 28 U.S.C. § 4101 did not provide a jurisdictional basis for his action and that the Constitution is not violated by a mere defamation made by a public official. (*Id.* at 8, PageID.20). Plaintiff was advised that in the amended complaint, he must identify another basis on which the Court has jurisdiction to hear his complaint. (*Id.*). He was further told that the Court does not hear every dispute, but only the disputes that Constitution or Congress have authorized the Court to hear. (*Id.*). Moreover, he was advised that his action would be dismissed for lack of subject of matter jurisdiction if the Court does not have jurisdiction over his action. (*Id.*). He also was told his amended complaint would replace his original complaint. (*Id.* at 3, PageID.19).

On October 16, 2020, the Court received plaintiff's "motion for amended complaint" (amended complaint) (Doc. 5, PageID.26) and motion to proceed without prepayment of fees, (Doc. 6, PageID.30). Plaintiff's amended complaint is brief and states that it is being brought pursuant to 28 U.S.C. § 4101, again. (Doc. 5 at 1-3, PageID.26-28). Plaintiff names as defendants DHR of Robertsdale, Alabama, and Willie Williams of Daphne, Alabama.[1] (*Id.* at 2, PageID.27). And plaintiff states that he resides

[1] The Court understands DHR to be the State of Alabama's Department of Human Resources.

in Fairhope, Alabama. (*Id.*).

Plaintiff claims that a petition signed by defendant Williams and defendant DHR contains false information about him. (*Id.*). This misleading information was presented to a judge so the judge could take action against the people who the misleading information was about, namely, Mr. Julius Vernon Williams and him. (*Id.* at 1, 3, PageID.26, 28). Plaintiff claims that this is a violation of 28 U.S.C. § 4101, as it is defamation of character. (*Id.*). Plaintiff is seeking $400,000.00. (*Id.* at 1, PageID.26). Plaintiff did not identify the misleading information.

## II. Analysis.

### A. The Court's Subject Matter Jurisdiction.

A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). A federal court is authorized by the Constitution or Congress to hear only certain types of actions. *Id.* "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "[A] federal court should inquire into whether it has subject matter jurisdiction at the earliest stage in the proceedings. . . [and] is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 2000) (citations omitted). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

It is a plaintiff's duty in a federal civil action to identify in the complaint the basis

for the Court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends."). Furthermore, Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction[.]" FED.R.CIV.P. 8(a)(1). Facts demonstrating the existence of jurisdiction must be affirmatively alleged. *Taylor*, 30 F.3d at 1367. "And it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th 2020). "Once the court establishes that jurisdiction exists, it has a duty to exercise that jurisdiction." *Id.*

Plaintiff identified 28 U.S.C. § 4101 as the jurisdictional basis for his action even though he was previously informed that it does not provide a jurisdictional basis. (Doc. 3 at 4, PageID.20). Due to plaintiff's *pro* se status and because "subject-matter jurisdiction can never be forfeited or waived," *Taylor*, 30 F.3d at 1367, the Court will examine plaintiff's allegations to determine if they support the Court's jurisdiction over his amended complaint. The Court will liberally construe his allegations holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014).

The Court's jurisdiction extends to cases based on admiralty and maritime law (28 U.S.C. § 1333), on federal question (28 U.S.C. § 1331), and on diversity of citizenship (28 U.S.C. § 1332). Plaintiff's allegations are not consistent with admiralty and maritime

jurisdiction, and thus this type of jurisdiction will not be discussed.[2]

**B. Diversity-of-Citizenship Jurisdiction.**

"In 28 U.S.C. § 1331-32. . . , Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question." *Taylor*, 30 F.3d at 1367. A complaint based on diversity-of-citizenship jurisdiction must reflect that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States. . . . " 28 U.S.C. § 1332(a)(1)(2005). "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' - the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005). That is, diversity jurisdiction exists only when "there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998) (diversity-of-citizenship jurisdiction is destroyed by the mere presence of one non-diverse defendant).

In the present action, it appears that plaintiff is a resident of Alabama and defendants DHR and Williams are residents of Alabama. (Doc. 1). Defendants and plaintiff, therefore, appear not to be diverse. Thus, the Court lacks diversity-of-citizenship jurisdiction over this action.

**C. Federal-Question Jurisdiction.**

"Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk Cty. School Bd.*, 129 F.3d 560, 566 (11th Cir. 1997). Under federal-question jurisdiction, district courts are

---

2 The *DeRoy* Court explained, "to fall within admiralty jurisdiction, a tort claim must satisfy two criteria: (1) the incident must have taken place on navigable water or the injury must have been caused by a vessel on navigable water; and (2) the incident must have been 'connected with maritime activity.'" *DeRoy*, 963 F.3d at 1311-12.

given "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013). "Under the longstanding well-pleaded complaint rule, . . . , a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009) (quotation marks and brackets omitted). However, a court's subject matter jurisdiction does not extend to a cause of action that is not valid, as compared to one that is arguable. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998). Thus, "[d]ismissal for lack of subject-matter jurisdiction . . . is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (citation omitted).

In the amended complaint, plaintiff again stated that the jurisdictional basis for his action is 28 U.S.C. § 4101. (Doc. 5 at 1-3, PageID.26-28). As explained to plaintiff before, 28 U.S.C. § 4101 only contains a list of definitions. 28 U.S.C. § 4101. Section 4101 is found under the Chapter 181, governing "foreign judgments." *See* 28 U.S.C § § 4101-4105. In the list of definitions, a "foreign judgment" is defined as "a final judgment rendered by a foreign court." 28 U.S.C. § 4101(4). A foreign court is defined as "a court, administrative body, or other tribunal of a foreign country." 28 U.S.C. § 4101(3).

The statute following § 4101 is 28 U.S.C. § 4102, which is concerned with how a domestic court should recognize a foreign judgment for defamation. 28 U.S.C. § 4102 ("Recognition of foreign defamation judgments"). A domestic court is defined as "a Federal court or a court of any State." 28 U.S.C. § 4101(2). And "[t]he term 'defamation'

means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person." 28 U.S.C. § 4101(1). These sections are concerned with the recognition in a domestic court in the United States of a foreign judgment for defamation. 28 U.S.C. § 4102. Section 4102 also limits which foreign defamation judgments that may be recognized in a domestic court. 28 U.S.C. § 4102(a)(1).

Plaintiff does not state that he has be awarded a foreign judgment for defamation and that he is seeking recognition of his foreign judgment for defamation in a domestic court. Rather, plaintiff states that the defamation occurred in a document given to a judge. Thus, 28 U.S.C. § 4101 does not apply to this action. Moreover, 28 U.S.C. § 4101 does not create a federal cause of action for defamation. *Gonzalez v. Szabo*, 2020 WL 1236647, at *2 (M.D. Fla. 2020) (unpublished); *Toutges v. McKaig*, 2019 WL 5865642, at *6 (E.D. Tenn. 2019) (unpublished).

Furthermore, in examining the amended complaint's facts alone, they do not come within this Court's subject matter jurisdiction. Plaintiff simply complains of defamation. "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). In addition, the Constitution is not violated by a mere defamation made by a public official. *Paul v. Davis*, 424 U.S. 693, 711-12, 96 S.Ct. 1155, 1165-66, 47 L.Ed. 405 (1976). Thus, a cause of action for defamation does not exist based on the Constitution.

Accordingly, the Court finds that 28 U.S.C. § 4101 does not create a cause of action and the amended complaint does not contain a claim that is actionable in federal

court. Thus, plaintiff's action is "wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342-344 (5th Cir.),[3] *cert. denied*, 436 U.S. 946 (1978). A claim that is insubstantial and devoid of merit does not invoke the court's federal-question jurisdiction and is due to be dismissed. (*Id.*).

**III. Conclusion.**

Based upon the foregoing reasons, it is recommended that plaintiff's action be dismissed without prejudice for lack of subject jurisdiction. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (dismissal for lack of subject matter jurisdiction is without prejudice).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an

[3] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 28th day of October, 2020.

/s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**